UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANNIS WILLIAMS,

            Plaintiff,

- against -

MR. COLLIN ROSE; MR. KEE; HRA SECURITY
SERGEANT KERN PROBHERBS; JOHN DOE #1
and JANE DOE, Security Guards; and MR. RAO and
JOHN DOE #2, New York City Police Officers,

            Defendants.

------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**08-CV-4010 (RRM)(LB)**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ DEC 15 2009
P.M.
TIME A.M.

**BLOOM, United States Magistrate Judge:**

By letter dated November 13, 2009, defendants inform the Court that plaintiff has failed to respond to their discovery requests and move for dismissal pursuant to Fed. R. Civ. P. 37(b) and 41(b). For the following reasons, it is respectfully recommended that defendants' motion under Rule 37(b)(2)(A)(v) should be granted and plaintiff's case should be dismissed.[1]

## BACKGROUND

Plaintiff, Annis Williams, filed this *pro se* action on September 30, 2008 alleging that defendants violated her civil rights under 42 U.S.C. § 1983. She claims, *inter alia*, that on Friday, September 30, 2005, she was arrested and beaten by Human Resource Administration ("HRA") Security Guard Collin Rose, Sergeants Ling Kee and Kern Probherbs (s/h/a Mr. Prooverbs), Police Officer Joseph Rao, and other unknown officers at the New York City Department of Social Services/Human Resource Administration, located at 90-75 Sutphin Boulevard, Jamaica,

---

[1] Fed. R. Civ. P. 41(b) is not a proper basis for dismissal as defendants' counsel makes no showing regarding the five factors set forth in LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206 (2d Cir. 2001).



New York, 11435. By Order dated November 7, 2008, the Court dismissed the Complaint as to a number of defendants[2] and allowed the excessive force and false arrest claims against Rose, Kee, Probherbs, Rao, John Doe #1 and #2, and Jane Doe to proceed. Document 3.

The Court held an initial conference on July 2, 2009, and set October 15, 2009 as the deadline for the parties to complete all discovery. Document 23. At the conference, defendants' counsel served plaintiff with initial discovery demands.

By letter dated August 13, 2009, defendants' counsel informed the Court that plaintiff failed to respond to defendants' discovery requests within 30 days as provided under Fed. R. Civ. P. 33 and 34, but stated that earlier in the day, she had spoken with plaintiff and had extended her time to respond to the discovery demands. Document 26. Notwithstanding this extension, defendants requested that the Court compel plaintiff to respond to their discovery demands by August 27, 2009. Id. The Court denied defendants' motion as premature.

By letter dated September 3, 2009, defendants' counsel stated that plaintiff still had not responded to their discovery requests as promised, and again requested that the Court compel plaintiff to respond. Document 29. The Court granted defendants' motion and directed plaintiff to respond to defendants' requests by September 30, 2009. The Court stated, "[t]his is a Court Order and plaintiff must comply. If plaintiff fails to comply with this Order and does not respond to defendants' discovery demands by this date, the Court shall recommend that this action should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v)." Document 30 (citations omitted).

Plaintiff did not respond to defendants' discovery requests by September 30, 2009.

---

[2] The Court dismissed the following defendants: Michael R. Bloomberg, Mayor of NYC; Robert Doar, Commissioner, HRA/DSS; Verna Eggleston, Commissioner of HRA/DSS; Burton Blaustein, Deputy Commissioner, HRA/DSS; Raymond Kelly, NYC Police Commissioner; Ms. McAllister, Asst. Deputy Director HRA/DSS; Ms. B. Miller, HRA/DSS employee; and Ms. Jones, HRA/DSS employee.

Instead, she filed a letter with the Court dated October 14, 2009, stating that she had not received the Court's September 10, 2009 Order until October 14, 2009, and she requested an additional two weeks to respond to defendants' discovery requests. The Court granted plaintiff's application and directed her to respond to defendants' discovery demands by November 2, 2009. On November 13, 2009, defendants filed the instant motion to dismiss, stating, "[t]o date, defendants have not received responses to discovery demands from plaintiff."[3]

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order . . . ." Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court Order. See Federal Rule of Civil Procedure 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

Here, the Court warned plaintiff that her action would be dismissed if she failed to respond to defendants' discovery requests. To date, plaintiff has failed to respond to defendants' discovery requests as instructed by the Court, and she has not contacted the Court to request additional time to do so. Plaintiff should not be afforded unlimited chances to obey the Court's Orders. Moreover, defendants should not be made to bear the costs of defending a case where the

---

[3] The Court notes that plaintiff has neither opposed defendants' motion nor written to the Court to request additional time to respond to defendants' discovery requests.

plaintiff refuses to comply with her obligations.

## CONCLUSION

Accordingly, it is recommended that defendants' motion to dismiss should be granted and plaintiff's action should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: December 14, 2009
      Brooklyn, New York